**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. 1:26-cv-05278 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 6) |

Michael Bruce Anthony McPherson is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that the warden failed to recognize his sovereign status and release Petitioner. (*See generally* Doc. 1.) The magistrate judge performed a preliminary review of the petition under Rule 4 of the Rules Governing 2254 Cases and found that Petitioner failed to state a cognizable habeas claim and recommended dismissal of the petition. (Doc. 6 at 1-2.)

Petitioner filed timely objections in which he maintains that he is "God; the Holy One & Only One" and entitled to release. (Doc. 7 at 1, 2.) He contends the Court should "issue a writ order demanding [his] discharge from custody." (*Id.* at 3.) Petitioner does not identify any allegations that would state a cognizable habeas claim in his objections.

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes

the Findings and Recommendations are supported by the record and proper analysis.

The Court also finds that a certificate of appealability should not issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 10, 2026 (Doc. 6) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to close this case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: September 17, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE